UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHRISTOPHER W. STEWART,

                           Plaintiff,

       -against-                                          **SUA SPONTE**
                                                         **REPORT &**
                                                         **RECOMMENDATION**
                                                         CV 16-3952 (JFB)(AYS)

SOUTHAMPTON POICE,

                           Defendant.
---------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

On July 8, 2016, <u>Pro Se</u> Plaintiff Christopher W. Stewart ("Plaintiff") commenced this action against Defendant Southampton Police ("Defendant"), alleging, <u>inter alia</u>, that Defendant denied Plaintiff proper medical care, in violation of 42 U.S.C. § 1983.   Specifically, Plaintiff's Complaint alleges that on or about April 9, 2016, Detective Patrick – not named as a defendant herein – of the Southampton Police Department arrested Plaintiff and requested that Plaintiff provide a statement concerning events surrounding his arrest.  (Compl. at 4.)  Plaintiff refused to provide the requested statement, advising Detective Patrick that he needed to go to the hospital for dialysis for kidney disease.  (<u>Id.</u>)  Plaintiff alleges that he was not permitted to go to the hospital until he provided a statement.  (<u>Id.</u>)  Plaintiff further alleges that even after complying with Detective Patrick's demands, he was still refused medical treatment, resulting in further damage to his kidneys.  (<u>Id.</u>)

Currently before the Court is Defendant's request for a report and recommendation to the District Court that this action be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for Plaintiff's failure to prosecute.  For the reasons set forth below, and, in particular, the fact

that Defendants will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

BACKGROUND

Plaintiff commenced this action pro se on July 8, 2016.  (Compl., DE [1].)  On December 2, 2016, Defendant filed its Answer to Plaintiff's Complaint.  (DE [11].)  An initial conference was held before the undersigned on January 12, 2017, at which Plaintiff appeared by telephone since he was incarcerated at that time.  (DE [25].)  During the initial conference, Plaintiff advised the Court that he would be released on February 21, 2017 and planned to retain counsel upon his release to represent him in this action.  (Id.)  As a result, the Court stayed this action pending Plaintiff's release and directed Plaintiff to submit a letter to the Court on or before March 30, 2017, informing the Court whether he had retained counsel or would be continuing to appear pro se.  (Id.)

Plaintiff failed to comply with the Court's Order dated January 12, 2017 and, on April 25, 2017, the Court extended the deadline for Plaintiff to obtain counsel and submit a status letter to May 19, 2017.  (Elec. Order of Shields, M.J., dated Apr. 25, 2017.)  On May 19, 2017, Plaintiff filed a motion for appointment of counsel, which also advised the Court that Plaintiff's release date had been moved to June 2018.  (DE [32].)  Judge Bianco denied Plaintiff's request for appointment of counsel on October 2, 2017.  (DE [34].)  On October 3, 2017, the Clerk of the Court attempted to mail a copy of Judge Bianco's October 2, 2017 Order to Plaintiff at the Suffolk County Correctional Facility in Riverhead, which was the address provided to the Court by Plaintiff; however, the mail was returned as undeliverable with the notation that Plaintiff had been discharged.  (DE [35].)

By Order dated April 3, 2018, this Court advised Plaintiff of his responsibility to update the Court as to any change of address and directed Plaintiff to submit a letter to the Court by May 3, 2018 containing his current address and informing the Court whether he had retained counsel or intended to proceed pro se. (Elec. Order of Shields, M.J. dated Apr. 3, 2018.) The April 3, 2018 Order warned Plaintiff that failure to comply may result in a report and recommendation to the District Court that Plaintiff's Complaint be dismissed for failure to prosecute. (Id.) Plaintiff provided the Court with a notice of change of address on April 27, 2018, which advised that Plaintiff was incarcerated at the Federal Medical Center in Ayer, Massachusetts. (DE [37].) However, Plaintiff's submission did not advise the Court whether he had retained counsel in this action. (Id.)

By letter motion dated July 24, 2018, Defendant requested a pre-motion conference in anticipation of moving to dismiss for failure to prosecute. (DE [38].) In support of its request, Defendant noted that there had been no communication from Plaintiff since the April 27, 2018 filing of a change of address. (Id.) On August 8, 2018, Plaintiff again filed a notice of change of address, advising the Court that he had been released from custody and was residing in Port Jefferson Station, New York. (DE [40].) However, Plaintiff's submission again failed to notify the Court whether he had obtained counsel in this action. (Id.)

In light of Plaintiff's August 8, 2018 filing, this Court denied Defendant's request for a pre-motion conference. (Elec. Order of Shields, M.J. dated August 20, 2018.) The Court directed Plaintiff to file a letter by September 20, 2018 advising whether he has retained counsel or intends to represent himself in this action. (Id.) The Order again advised Plaintiff that failure to comply may result in a report and recommendation to the District Court that this action be dismissed for failure to prosecute. (Id.) The Order also directed Defendant's counsel to serve a

copy of the Order on Plaintiff at the new address provided by Plaintiff on August 8, 2018 and to file proof of service on the docket sheet.  (Id.)  Defendant's counsel complied with the Court's Order and filed proof of service on August 22, 2018.  (DE [41].)

To date, Plaintiff has failed to comply with the Court's August 20, 2018 Order.  By letter motion dated October 23, 2018, Defendant moves to dismiss Plaintiff's Complaint, pursuant to Rule 41(b) of the Federal Rules of Civil procedure, for failure to prosecute.  (DE [42]).  That application is now before the Court.  Plaintiff has not filed any opposition to Defendant's application.

<u>DISCUSSION</u>

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."  Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)").  "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives."  Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;

4

- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. As discussed above, Plaintiff has repeatedly failed to comply with this Court's orders. Despite filing notices of changes of address at the proverbial eleventh hour, Plaintiff has yet to comply with this Court's numerous orders directing him to inform the Court whether he has obtained counsel or intends to proceed pro se. Additionally, Plaintiff has been repeatedly warned that failure to comply with this Court's orders may result in a recommendation to the District Court that this action be dismissed for failure to prosecute. Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent.

Indeed, despite being commenced in July 2016 – more than two years ago – there has been nothing substantive done in this action. Since its inception, Plaintiff has wholly failed to advance this litigation. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of

5

New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund").  This delay is unnecessary, unfair, and has impeded the Defendant's ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendant to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es) and to file proof of service on ECF by January 8, 2019.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a

magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
       January 3, 2019

                                         /s/ Anne Y. Shields
                                        ANNE Y. SHIELDS
                                        United States Magistrate Judge